IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT MURPHY, et al.,
        Plaintiffs,

v.                                          Case No. 5:08cv40/RS/EMT

COOPER TIRE & RUBBER COMPANY, et al.
        Defendants.
_____/

## O R D E R

    This cause is before the court upon Plaintiffs' "Motion to Compel Entry Upon Land for Inspection and Other Purposes" (Docs. 44, 46),[1] and Defendant Cooper Tire & Rubber Company's (hereafter "Cooper Tire") response in opposition thereto (Doc. 52).

    Plaintiffs filed this wrongful death action against Cooper Tire and Ford Motor Company, alleging in relevant part that Cooper Tire's negligence in manufacturing and designing the tire at issue in this litigation was a direct and proximate cause of Brianna Murphy's car accident and subsequent death due to injuries from the accident (Doc. 24 at 9).  In the instant motion, Plaintiffs seek entry of an order allowing the entry of Plaintiff's counsel and certain experts upon Cooper Tire's Findlay, Ohio tire manufacturing plant for "inspection and other purposes" (Doc. 44, Memorandum in Support at 1, and Ex. A).

    On or about June 20, 2008, and prior to filing the instant motion, Plaintiffs served their "First Request for Entry Upon Land for Inspection and Other Purposes" on Cooper Tire, noting that the request was made "pursuant to the Federal Rules of Civil Procedure"[2] (Doc. 44, Ex. A at 1–2).

---

[1]Document 46 is an "amended exhibit D" to Plaintiffs' Motion to Compel (Doc. 44).

[2]Plaintiffs did not identify any particular Federal Rule of Civil Procedure, but it appears that Plaintiffs' request was made pursuant to Fed. R. Civ. P. 34 (*see* Doc. 44, Ex. A at 1–2)

Plaintiffs requested that Cooper Tire "permit the entry of Plaintiffs' counsel and certain experts upon land and/or facilities owned and/or controlled by [Cooper Tire], including, but not limited to, Cooper's steel belted radial tire production manufacturing processes at Cooper's Findlay, Ohio manufacturing plant including, but not limited to, [twenty-three enumerated] phases of the tire manufacturing/production" (*see id.*).   On or about July 18, 2008, Cooper Tire responded to Plaintiffs' request by written objection and declined to permit an inspection of the plant (*id.*, Ex. B at 2).   Plaintiffs and Cooper Tire then engaged in several discussions in an attempt to resolve this issue, to no avail (*see* Doc. 50 at 1).   Thus, Plaintiffs filed the instant motion to compel, seeking an order of this court authorizing entry upon Cooper Tire's Findlay, Ohio plant (Doc. 44).

Plaintiffs allege, in pertinent part, that a plant inspection is necessary to "obtain relevant and specific discovery," and that an inspection would not "burden or endanger Cooper" (Doc. 44, Memorandum in Support at 2).   Plaintiffs contend that their "reason for inspection is to observe first hand Cooper's real world, real time quality control measures and manufacturing processes at its Findlay, Ohio plant, information which cannot be obtained through production of documents, requests for admission, depositions, or interrogatories" (*id.* at 4).   Further, Plaintiffs contend:

> Cooper's own adjustment records, provided in its Initial Disclosures, show that foreign materials inside and outside of the cured tire are the highest cause of defects in Light Truck tires manufactured at the Findlay, Ohio plant at which the subject tire in this fatal crash was manufactured.  Furthermore, cleanliness, care in 1st stage tire building, operator's working conditions, storage, curing conditions and time constraints are all relevant to the manufacturing of a good product.  Plaintiffs must be allowed to view, in real time, the normal working conditions of the plant in its ordinary course of business, with no special instruction to workers and no extraordinary preparation which could constitute spoilation of evidence regarding an inspection of the plants' ordinary operations.  Additionally, Plaintiffs' expert Dennis Carlson, P.E., B.M.E., and M.S.M.E., has participated in inspections of Cooper tire plants in Tupelo, Mississippi and Texarkana, Arkansas and has found these inspections to be helpful not only in forming his own opinions regarding issues of tire failure, but he has also found them to be helpful in aiding a jury in understanding his testimony.  Plaintiffs['] request for inspection will undoubtedly be an essential tool in the analysis of the subject tire's failure. Considering the foregoing, Plaintiffs' request for entry upon land for inspection and other purposes is not overly broad, vague, and ambiguous and more than satisfies the relevancy requirements of Rule 26(b).

(*id.* at 4–5).

Finally, Plaintiffs assert that any confidential, proprietary, or trade secret information revealed as a result of the inspection would be protected by the Protective Order that has been entered in this case, which prevents the dissemination of such information (*id.* at 9).

Cooper Tire filed a response in opposition to Plaintiffs' motion (Doc. 52). Cooper Tire's objections may be summarized as follows:  (1) an inspection of Cooper Tire's manufacturing facilities and processes would "necessarily reveal highly confidential, proprietary, and trade secret information," and Plaintiffs have not met their burden of showing that this information is both relevant and necessary to their case; (2) the tire at issue in this case was manufactured in June of 2001, and the Findlay, Ohio plant does not currently reflect the manufacturing conditions that existed in 2001; (3) Cooper Tire no longer makes the tire at issue in this litigation at any of its manufacturing facilities, including its Findlay, Ohio plant; and (4) Plaintiffs' request is vastly overbroad, vague and ambiguous (*id.* at 1–3). Cooper Tire also claims that the "resulting undue and unfair prejudice to Cooper in permitting any inspection is far outweighed by any potential benefit or probative value to be gained by Plaintiffs" (*id.* at 4).

Initially, Rule 34 of the Federal Rules of Civil Procedure states, in part, that "A party may serve on any other party a request <u>within the scope of Rule 26(b)</u>:  to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2) (emphasis added). Rule 26(b) states, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Finally, Rule 26(b)(2)(C) provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Thus, the Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Moreover, the overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991). In addition, "discovery is not limited to issues raised by the pleadings." Oppenheimer, 437 U.S. at 351.

As noted above, however, the Federal Rules of Civil Procedure allow the court to limit the frequency or extent of discovery if it determines the discovery sought is unreasonably cumulative or duplicative or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 599 (1998).

Turning to the facts of the instant case, the court first notes that the tire at issue was manufactured in June of 2001, more than seven (7) years ago, and Cooper Tire no longer manufactures the tire at any of its facilities, including the Findlay, Ohio facility (Doc. 52 at 3). Additionally, the Findlay, Ohio plant, where the tire was manufactured, does not currently reflect the manufacturing conditions and processes that existed in 2001 (*id.*; *see also* Doc. 52, Ex. B (affidavit of Steven C. Smith, Cooper Tire's Department Manager of the Findlay, Ohio plant, noting that a current inspection of the plant would not reflect the manufacturing process as it existed in 2001)). Thus, the current condition of Cooper Tire's plant is only marginally relevant — at best.

Moreover, as Cooper Tire asserts (*see* Doc. 52 at 6), when trade secret information is involved, a plaintiff must generally show heightened relevance in order to discover such information. *See, e.g.*, Brownlow v. General Motors Corp., 2007 WL 2712925, at *9 (W.D. Ky. Sept. 13, 2007) (additional factors such as necessity must be considered prior to entering an order for the disclosure of trade secret information). Some courts have held that the party resisting discovery must first establish that the sought-after information is indeed trade secret information, and then it must establish that its disclosure would be harmful; if these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. Centurion Industries, Inc. v. Warren Steurer and Assoc., 665 F.2d 323, 325 (10th Cir. 1981). To the extent this is required, Cooper Tire has established both necessary elements for shifting the burden to Plaintiffs to demonstrate the necessity and relevance of a plant inspection (*see, e.g.*, Doc. 52 at 5 and Ex. B). Despite Plaintiffs' contentions to the contrary, they have failed to so demonstrate.

Finally, even if the information Plaintiffs seek is marginally relevant to the issues in this case, the court concludes that any benefit to Plaintiffs obtained as a result of inspecting the plant is outweighed by the harm Cooper Tire may incur if confidential information is divulged, particularly where the production methods that Cooper Tire employs today are substantially different from those in place in 2001, when the subject tire was manufactured, and the methods in place today are based on newer or different technologies, processes, machines, and systems (*see* Doc. 52, Ex. B; Fed. R.

Civ. P. 26(b)(2)(C)(iii)).[3]

Thus, for these reasons (as more fully articulated by Cooper Tire in its response in opposition to Plaintiff's motion to compel (*see* Doc. 52)), Plaintiffs' motion shall be denied.

Accordingly, it is **ORDERED**:

Plaintiffs' Motion to Compel Entry Upon Land for Inspection and Other Purposes (Doc. 44) is **DENIED**.

**DONE AND ORDERED** this 21st day of August 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]In light of this court's findings, the court need not consider the parties' contentions regarding the Protective Order and whether it would prevent dissemination of information obtained by Plaintiffs in inspecting the plant. However, in the event Plaintiffs seek reconsideration of this order with the District Court, the undersigned notes Cooper Tire's concerns regarding the effectiveness of the Protective Order, in light of the fact that Plaintiffs' expert witness has previously been found in contempt for violating the terms of a protective order in another case. *See* Nevil v. Ford Motor Co., 1999 WL 1338625 (S.D. Ga. December 23, 1999) (order finding Dennis Carlson in contempt).