IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT MURPHY, et al.,
    Plaintiffs,

v.                                    Case No. 5:08cv40/RS/EMT

COOPER TIRE & RUBBER COMPANY, et al.,
    Defendants.
                                                /

**O R D E R**

This cause is before the court upon "Plaintiffs' Motion to Compel Responses to Plaintiffs' Fourth Set of Requests for Production Propounded to Defendant, Cooper Tire & Rubber Company" (hereafter "Cooper") (Doc. 81) and Cooper's response in opposition thereto (Doc. 83), as well as Plaintiffs' reply to Cooper's response (Doc. 85).[1]  Plaintiffs seek an order compelling Cooper to produce documents responsive to their fourth requests for production of documents (RFPs) numbered 15–21 (Doc. 81-2 at 3, 6, 8, 10, 11, 12, 15).[2]

I.    PLAINTIFFS' FOURTH SET OF RFPs, NUMBERED 15–21, and COOPER'S INITIAL OBJECTIONS THERETO

    A.    RFPs 15 and 16

RFPs 15 and 16 seek documents relating to quality assurance, quality control, and tread separation on Cooper's light truck radial tires manufactured at Cooper's Findlay, Ohio plant from 1991 to present (Doc. 81-2 at 3–8).

---

[1]As discussed further *infra*, Plaintiffs were directed by the undersigned to file a limited reply to Cooper's response (*see* Doc. 84).

[2]In a previous discovery dispute between the parties, the court issued an order that included a factual background of the case and applicable law regarding the scope of discovery and it need not be repeated here (*see* Doc. 54).

Cooper initially objected to producing documents responsive to RFPs 15 and 16 as follows: (1) the RFPs are unduly burdensome and vastly overbroad as they pertain to every aspect of Cooper's light truck radial tire business and operations and are not limited to "Similar Tires," in violation of both Florida law and Plaintiffs' counsel's express stipulation to limit discovery to Green Tire Specification 5245 (also referred to as model tire number 5245); (2) the RFPs are unreasonable, as they seek information for a seventeen-year period; (3) the RFPs are vague and ambiguous and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (4) the RFPs are objectionable to the extent they seek confidential, proprietary, and trade secret information (*id.* at 3).

In the instant motion, and in response to Cooper's initial objections to RFPs 15 and 16, Plaintiffs argue that the RFPs are adequately limited as Cooper operates four (4) production plants, but Plaintiffs are requesting information only from the Findlay, Ohio plant (*id.* at 3–4). Moreover, Plaintiffs contend that the RFPs requesting records spanning seventeen (17) years are reasonable because Plaintiffs are "entitled to know when Cooper knew there was an issue with its manufacturing processes for the ten years before Plaintiffs' tire was manufactured and whether Cooper took steps to fix these safety measures" (*id.* at 4). Plaintiffs additionally argue, that although Cooper claimed that Plaintiffs' request for this information is overbroad and burdensome, Cooper failed to give a foundation for such a response (*id.*). In support of the contention that the requests are not overbroad or burdensome, Plaintiffs have submitted a copy of an Alabama Supreme Court case in which Cooper was named as a defendant, and the court determined that "tread separations were not limited to a particular model of tires by Cooper" (*id.* at 4–5; *see also* Ex. 1). Plaintiffs further assert that the requests are not vague or ambiguous (*id.* at 5); however, Plaintiffs state that they are willing to further define the requests if the court believes a more detailed description is warranted (*id.*). Plaintiffs assert that Cooper's quality control, quality assurance, and tread separation information is critical to Plaintiffs' manufacturing defect claim (*id.*). Finally, Plaintiffs argue that Cooper failed to establish that the information Plaintiffs seek contains confidential, proprietary, or trade secret information, and furthermore, a protective order is in place to guard against disclosure of any such confidential material (*id.* at 6).

B.   RFPs 17 and 18

RFP 17 seeks documents relating to injuries or accidents caused by tire tread separation of Cooper's light truck radial tires manufactured at its Findlay, Ohio plant from 1991 to present, and RFP 18 seeks information relating to claims and/or incident reports regarding those accidents or injuries (*id.* at 8–12).

Cooper initially objected to producing the information requested in RFPs 17 and 18 on the same basis it objected to RFPs 15 and 16 (*id.* at 8, 10).  Cooper additionally stated, "without waiving or limiting its objections," that Cooper had previously provided Plaintiffs with "consumer complaints alleging tread separation manufactured and occurring" during the period beginning one (1) year before the subject tire was manufactured and ending one (1) year thereafter (*id.*).

In the instant motion, and in response to Cooper's initial objections to RFPs 17– 18, Plaintiffs incorporate their arguments regarding RFPs 15–16 (*id.*).  Plaintiffs further argue that they need information pertaining to the tread separation complaints for a greater period than Cooper provided (*id.* at 9).  Plaintiffs have also noted that they seek information regarding accidents, injuries, and/or failures due to tread separation, not just consumer complaints (*id.*).

C.     RFP 19

RFP 19 seeks production of documents relating to Cooper's efforts to reduce or eliminate tread separations in light truck radial tires manufactured at its Findlay, Ohio plant from 1991 to present (*id.* at 11).

Cooper initially objected to producing information responsive to RFP 19 on the same basis it objected to RFPs 15–18 (*id.*).  Cooper also objected to this request to the extent it seeks confidential, proprietary, and trade secret information (*id.*).

In the instant motion, and in response to Cooper's objections, Plaintiffs incorporate their arguments regarding RFPs 15–18. Plaintiffs argue further that they are entitled to discover Cooper's practices regarding attempts to eliminate tread separations.

D.     RFP 20

RFP 20 seeks copies of depositions of Cooper employees given in all other tread separation cases in which the tire at issue was manufactured at Cooper's Findlay, Ohio plant from 1991 to present (*id.* at 12).

Cooper initially objected to producing the information requested in RFP 20 on the same basis

it objected to RFPs 15–19 (*id.*). Additionally, Cooper asserted that testimony by Cooper employees in other cases adds nothing to this case, and the testimony of a witness must be taken in the context in which it is given. Moreover, Cooper contended that these employee depositions were taken regarding specific issues present in those cases and were taken under a protective order prohibiting their use in other cases (*id.*).

In the instant motion, and in response to Cooper's objections to RFP 20, Plaintiffs incorporate their arguments regarding RFPs 15–19 (*id.*). Plaintiffs further argue that these depositions are critical in order to determine the identities of potential witnesses (i.e., employees involved in the curing/vulcanization and finishing/inspection processes of the subject tire on the date of its completion) (*id.* at 13).

E. RFP 21

Finally, RFP 21 seeks copies of the contents of the Findlay, Ohio boxes produced in a case titled Talalai v. Cooper Tire & Rubber Co., 360 N.J. Super. 547 (2001) (*id.* at 15).

Cooper initially objected to RFP 21, asserting that producing this information is unduly burdensome and overbroad as it is not limited to "Similar Tires" in violation of Florida law and Plaintiffs' express stipulation to limit discovery to model tire number 5245 (*id.*). Cooper also contended that the Talalai litigation was a class action lawsuit targeting every size, type, and model of steel belted radial tires built at four different plants over a fifteen-year period (*id.*). Further, Cooper asserted that Talalai was a consumer fraud case involving solely economic damages and specifically excluded cases alleging product liability and personal injury damages (*id.*). Finally, Cooper objected to RFP 21 to the extent it seeks confidential, proprietary, and trade secret information (*id.*).

In the instant motion, and in response to Cooper's objections to RFP 21, Plaintiffs incorporate their arguments regarding RFPs 15–20 (*id.*). Plaintiffs further assert that this information is relevant to understanding the defects of the subject tire. In support, Plaintiffs have submitted an affidavit of Hugh P. Lambert, Plaintiffs' counsel in this case and also co-lead counsel in the Talalai case (*id.* at 15–16; *see also* Doc. 81, Ex. 3). Mr. Lambert's affidavit states that he personally reviewed Cooper's internal documents in the Talalai case, and these documents contain critical information relating to Cooper's knowledge regarding tread separations and evaluation of

manufacturing processes (Doc. 81, Ex. 3).

## II.  COOPER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL and PLAINTIFFS' REPLY THERETO

### A.  Cooper's Response in Opposition to Plaintiffs' Motion to Compel

In opposing Plaintiffs' motion to compel, Cooper reiterates the positions it took in initially objecting to the RFPs now at issue (*see* Doc. 83).  Additionally, Cooper notes that Plaintiffs filed the instant motion to compel on the eve of the discovery cut off with the intent to further delay discovery and trial (Doc. 83 at 3).  Cooper also contends that, at a preliminary case management conference with Judge Smoak, Plaintiffs agreed to limit discovery to tires manufactured to Green Tire Specification (GTS) 5245 (*id.*).  Cooper argues further that granting Plaintiffs' motion would have the effect of beginning this case anew, and Cooper would have to produce millions of pages of documents (*id.*).  Additionally, Cooper argues that Plaintiffs' RFPs exceed the proper scope of discovery because the requests seek information relating to tires that are not model number 5245, and the requests are not limited to a reasonable time period (*id.* at 5).

In further support of Cooper's argument that the court should limit Plaintiffs' discovery requests to model tire number GTS 5245, Cooper has submitted the sworn affidavit of its expert, Lyle G. Campbell, a forensic and technical consultant for Cooper (*id.* at Ex. B).  Mr. Campbell describes the subject tire in this case as a "Pro Comp All Terrain bearing a DOT number that indicates the tire was manufactured to a specific Green Tire Specification (GTS) 5245" (Doc. 83, Ex. B at 4).  Mr. Campbell explains that a GTS is the blueprint to which a given tire is manufactured (*id.*, Ex. B at 5).  This blueprint states the dimensions, weights, and physical attributes of the components in a tire (*id.*).  Mr. Campbell states that there are no related Green Tire Specifications for GTS 5245, and therefore, Cooper does not manufacture tires that are similar to the subject tire (*id.*).  Additionally, Mr. Campbell states that tires manufactured to different Green Tire Specifications are not similar tires (*id.*).  Mr. Campbell states further that different tire models may differ from each other with respect to numerous design and performance features, including:  (1) different constructions that vary with the type and amount of materials used; (2) different design requirements; (3) different load carrying requirements; (4) different applications; (5) different targeted service life; (6) different types of tests to which they are subjected to; and (7) placement

on different types of vehicles (*id.*). Mr. Campbell notes that GTS 5245 was in production from February 2000 through August 2007 (*id.*). Mr. Campbell has also stated that the subject tire was manufactured in Cooper's Findlay, Ohio plant during the week of June 17–23, 2001 (*id.*, Ex. B at 4).

Next, Cooper argues that it has already produced documents responsive to Plaintiffs' requests that are within the proper scope of discovery (i.e., documents regarding tire model GTS 5245, manufactured at the Findlay, Ohio plant, for a two-year period — one year before and one year after the subject tire was manufactured) (Doc. 83 at 14–15). Cooper also argues that many of Plaintiffs' discovery requests (i.e., RFPs 16, 19, and 21) seek tire design and development information as well as tire testing information, which are all trade secrets, and Plaintiffs have not met their heightened burden for discovery of trade secret information (*id.* at 14, 18).

Furthermore, Cooper argues that Plaintiffs' request for production of all deposition transcripts of Cooper employees from all tread separation cases at the Findlay, Ohio plant from 1991 through the present is an "impermissible fishing expedition and must be denied" (*id.* at 23). Cooper explains that it was not able to identify all employees sought by Plaintiffs in RFP 20; however, Cooper identified and Plaintiffs deposed the two (2) witnesses who actually built the subject tire in this case (*id.*). Moreover, Cooper contends, the depositions taken in unrelated cases were taken under protective orders, each of which limit those confidential materials to the case in which the order was entered and prohibit disclosure or use of confidential information in any other litigation (*id.* at 24).

Finally, Cooper asserts that disclosure of the <u>Talalai</u> litigation is well beyond the scope of discovery in this case and would involve copying the contents of 3,000 banker's boxes with more than 5 million pages of documents (*id.* at 21).

B.  Plaintiffs' Reply to Cooper's Response in Opposition to the Motion to Compel

Plaintiffs filed a reply to Cooper's response in opposition to Plaintiffs' motion to compel (Doc. 85). Plaintiffs submitted the reply in response to the undersigned's order requiring Plaintiffs to explain whether Cooper's contention that the parties agreed to limit discovery to model tire number GTS 5245 during a pre-trial conference hearing with Judge Smoak was accurate (*see* Doc. 84). Plaintiffs concede that, at the onset of discovery on May 8, 2008, they agreed to limit discovery

to model tire number GTS 5245; however, Plaintiffs state that they now find it necessary to inquire into Cooper's historical practices regarding tread separation which predate tire number GTS 5245 for the issue of punitive damages, as Plaintiffs contend that Cooper knew about the tread separation for years, but did nothing to improve its manufacturing processes (*id.* at 1–2).

II.     DISCUSSION

The Federal Rules of Civil Procedure allow the court to limit the frequency or extent of discovery if it determines the discovery sought is unreasonably cumulative or duplicative or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). Moreover, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 599 (1998).

Within this framework, and the framework outlined in this court's earlier order (*see* Doc. 54), the court will address the RFPs at issue in Plaintiffs' motion to compel.[3]

The court grants Plaintiffs' motion to compel with regard to RFPs 15–19, only in part, by requiring Cooper to produce information responsive to Plaintiffs' requests regarding all GTS 5245 tires manufactured at the Findlay, Ohio plant from June 17, 2000 through June 23, 2002.[4] *See, e.g.*, McPeters v. Cooper Tire & Rubber Company, et al., Case No. 07-15729 (11th Cir., December 16, 2008) and McPeters v. Cooper Tire & Rubber Company, et al., Case No. 8:08cv2101-T-26TGW

---

[3]Before addressing the merits of Plaintiffs' motion, the court is compelled to note that the discovery deadline in this case ended on November 30, 2008 (*see* Doc. 21). Plaintiffs served their fourth set of RFPs on October 2, 2008 (Doc. 81-2 at 1–2). Cooper objected to the RFPs (including those that are at issue in the instant motion to compel) on October 31, 2008, and Plaintiffs received Cooper's objections on November 5, 2008 (*id.* at 2). Plaintiffs, however, did not file the instant motion to compel until Wednesday, November 26, 2008, the day before Thanksgiving, which was also one (1) business day prior to the close of discovery (due to the Thanksgiving holidays) and nearly three weeks after Plaintiffs were aware of Cooper's objections (Doc. 81). Although Plaintiffs' motion to compel was technically "timely," Plaintiffs' delay in filing the instant motion is obviously problematic. The district judge previously imposed November 30, 2008, as the discovery deadline (*see* Doc. 21), and the undersigned does not necessarily have the authority to extend that deadline at this late stage in the litigation because doing so would interfere other deadlines set by the district court. Nevertheless, the undersigned will consider the merits of Plaintiffs' motion.

[4]To the extent Cooper has already provided this information, it need not provide it again. Additionally, the court notes that a protective order is in place (Doc. 39) to guard against Cooper's concerns that trade secret information would be divulged by responding to RFPs 15, 16, 17 and 19 to the extent outlined in this order (*see* Doc. 83 at 14–15).

(Doc. 83) (similarly limiting discovery).

Moreover, the court has considered, that at a preliminary case management conference held before Judge Smoak on May 8, 2008, Plaintiffs' counsel expressly stipulated that the discovery in this case would be limited to tire model number GTS 5245 (Doc. 83 at 3; Doc. 85 at 1).

Additionally, the court finds that Plaintiffs have not established that any other tire manufactured by Cooper is substantially similar to GTS 5245 or that a wider time frame for production is reasonable.  In short, the undersigned has limited Plaintiffs' request because the court finds that the burden or expense of Cooper complying with Plaintiffs' requests for information related to all light truck tires manufactured at the Findlay, Ohio plant for a seventeen-year period outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Plaintiffs' request for production of information relating to Cooper's light truck radials from 1991 to present is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially in light of the fact that Cooper did not begin manufacturing GTS 5245 until February 2000.

The court also grants Plaintiffs' motion to compel with regard to RFP 20, but again, only in part.  As noted earlier, this RFP requests copies of all depositions of Cooper employees given in all other tread separation cases wherein the tire at issue was manufactured at Cooper's Findlay, Ohio plant from 1991 to present (Doc. 81 at 12).  In opposing this request, Cooper has stated that although two (2) lawsuits are pending involving model number 5245, depositions have not been taken in either case (Doc. 83 at n.14); thus, there are no depositions to produce, and the court cannot compel Cooper to produce something that does not exist (moreover, those deposition transcripts may be subject to the protective order of another court).  With regard to previous tread separation cases, the court will narrow Plaintiffs' request and require Cooper to advise Plaintiffs whether depositions were taken of Cooper employees in tread separation cases, including all cases pending or closed, that relate to model number 5245, manufactured at Cooper's Findlay, Ohio plant from June 17, 2000 through June 23, 2002.  If no such depositions were taken, Cooper has no further obligations with regard to RFP 20.  If any such depositions were taken, Cooper shall provide Plaintiffs with the case name and number, court reporter's name and/or agency, and location and date of the deposition(s); further, Cooper shall advise Plaintiffs whether obtaining the transcript(s) would violate the provision

of any court's protective order. Cooper is not required to provide Plaintiffs with copies of deposition transcripts. Plaintiffs may, on their own, order or obtain copies of such deposition transcripts unless they are subject to the protective order of any other court.

Finally, Plaintiffs' motion to compel as to RFP 21, which requests copies of the "contents of the Findlay boxes" produced in the Talalai case, is denied (*see* Doc. 81-2 at 15). In opposing this request, Cooper states that this repository contains approximately 3,000 bankers boxes of documents with well over 5 million pages (Doc. 83 at 21). Moreover, as noted *supra*, Cooper notes that the instant case is not a class action lawsuit like the Talalai case, where discovery was much broader in scope, and included the production of nearly every size, every type, and every model of steel belted tires manufactured at any of Cooper's manufacturing plants over a fifteen-year period (*id.* at 21). The court agrees with Cooper's position and finds that Plaintiffs' request is overly broad and unduly burdensome; thus, Cooper is not required to respond to RFP 21.

In conclusion, after careful consideration of the parties' arguments, the court finds that Plaintiffs' motion to compel should be granted in part and denied in part. As Plaintiffs' requests do not involve substantially similar tires, much of the discovery sought by Plaintiffs does not appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, the disclosure of many of Plaintiffs' requests would impose an undue burden or expense on Cooper and/or violate the protective order(s) of another court.

III. SANCTIONS

The remaining issue is whether either party is entitled to fees. Federal Rule of Civil Procedure 37(a)(5)(C) provides:

> If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(C). The court "has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." In re Stauffer Seeds, Inc., 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. Starcher v. Corr. Med. Sys., Inc.,

144 F.3d 418, 421–22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994).  A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

In the instant case, the court does not consider the award of sanctions to either party to be appropriate, as each side was granted some relief.  Thus, no fees shall be awarded to either party.

Accordingly, it is **ORDERED** that:

Plaintiffs' Motion to Compel (Doc. 81) is **GRANTED** in part and **DENIED** in part, as outlined in the body of this order.

**DONE AND ORDERED** this 18th day of December 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**